**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-13-00815-CV

**IN THE ESTATE OF** Alvilda Mae **AGUILAR**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2802
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Rebeca C. Martinez, Justice

Delivered and Filed:   September 10, 2014

REVERSED AND RENDERED

Anthony C. Aguilar and Michael A. Aguilar appeal the probate court's order granting a motion to transfer a wrongful death action from an El Paso district court to the probate court and a subsequent order granting a motion to dismiss the causes of action asserted in the lawsuit as baseless pursuant to TEX. R. CIV. P. 91a. Because the probate court was not authorized to transfer the wrongful death action from the El Paso district court, we reverse both orders and render judgment denying the motion to transfer.

### BACKGROUND

The Aguilars sued appellees Margaret Morales and Jesus Morales in the 205th District Court of El Paso County, Texas, for the wrongful death of Alvilda A. Aguilar — the mother of Anthony, Michael, and Margaret. At the time the Aguilars filed the wrongful death action,

Margaret was serving as the independent executrix of the estate of Alvilda Aguilar, and a probate of the estate was pending in Bexar County Probate Court No. 2. In the El Paso County lawsuit, however, Margaret was sued only in her individual capacity. The lawsuit sought past and future mental anguish damages, alleging Margaret and Jesus wrongfully caused Alvilda's death. Pursuant to section 34.001 of the Texas Probate Code, Margaret, in both her representative and individual capacity, filed a motion to transfer the El Paso County lawsuit to the probate court. The probate court granted the motion.[1]

After the lawsuit was transferred, Margaret and Jesus filed a motion to dismiss the claims asserted therein under Rule 91a of the Texas Rules of Civil Procedure, asserting that the causes of action were baseless. The probate court granted the motion and dismissed the claims.

### NATURE OF THE LAWSUIT

The parties disagree on the nature of the claims asserted in the Aguilars' lawsuit. The Aguilars contend that their lawsuit is a wrongful death lawsuit, while Margaret and Jesus assert both wrongful death and survival claims are alleged.

"[W]rongful death and survival actions are distinct causes of action." *Cunningham v. Haroona*, 382 S.W.3d 492, 508 (Tex. App.—Fort Worth 2012, pet. denied). The actionable wrong in a survival cause of action is "that which the decedent suffered before his death." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). "The damages recoverable are those which [the decedent] himself sustained while he was alive." *Id*. "In contrast to a survival action, damages recoverable in a wrongful death action are for the exclusive benefit of the defined statutory

---

[1] This court previously dismissed an appeal of the probate court's order granting the motion to transfer for lack of jurisdiction because no final judgment had been entered. *See In re Estate of Aguilar*, No. 04-13-00690-CV, 2014 WL 2518164 (Tex. App.—San Antonio June 4, 2014, no pet.). The probate court's order dismissing the lawsuit as baseless provides the finality necessary to invoke this court's jurisdiction. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

beneficiaries and are meant to compensate them for their own personal loss." *Cunningham*, 382 S.W.3d at 508. "[W]rongful death beneficiaries may pursue a cause of action 'only if the individual injured would have been entitled to bring an action for the injury if the individual had lived.'" *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009) (quoting TEX. CIV. PRAC. & REM. CODE § 71.003(a)).

In arguing that the petition contains a survival cause of action, Margaret and Jesus note that the petition alleges that they breached their duty to care for Alvilda from 2002 until her death. They also note that the petition alleges that Alvilda would have been entitled to sue Margaret and Jesus if she had lived. Finally, they note that the Aguilars expressly reserved the right to amend the petition.

All of these arguments ignore, however, that the only damages sought in the Aguilars' petition are for past and future mental anguish damages, which are damages recoverable only in a wrongful death action. Moreover, as previously noted, in order to bring their wrongful death action, the Aguilars were required to prove that Alvilda would have been entitled to bring the cause of action if she had lived. Thus, alleging that Alvilda could have done so is consistent with the Aguilars' wrongful death claim. Finally, determining whether the probate court had the authority to transfer the lawsuit must be based on the claims that were alleged and pending at the time the probate court considered the motion to transfer. Having reviewed the petition, we conclude that the only claim alleged by the Aguilars in their petition is a wrongful death claim asserted against Margaret and Jesus in their individual capacities.[2]

---

[2] If the Aguilars subsequently amend their petition to add additional claims, Margaret would not be precluded from filing another motion to transfer with the probate court.

**TRANSFER OF WRONGFUL DEATH CLAIM**

Venue in a wrongful death action is governed by section 15.002 of the Texas Civil Practice and Remedies Code.[3] *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620-21 (Tex. 2005). In their petition, the Aguilars assert venue is proper in El Paso County because a substantial part of the events or omissions giving rise to the claim occurred in El Paso County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (West 2014) (providing for lawsuit to be brought "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred"). The petition also alleges facts to support the assertion of venue in El Paso County because the Aguilars allege the following occurred in El Paso County: (1) Margaret and Jesus set up a schedule in El Paso that was difficult on Alvilda by changing the time she awoke and the food she was eating; (2) Alvilda was fatigued following her husband's funeral; however, Margaret demanded that she return to San Antonio rather than remain in El Paso to rest and build up her physical health; (3) Alvilda experienced an impaction in her intestinal system; however, Margaret did not consult with a medical doctor to determine whether Alvilda was physically able to return to San Antonio by automobile; and (4) Margaret made Alvilda awake at an extremely early hour to return to San Antonio and did not allow her sufficient time to use the restroom facilities.[4] The question presented in this case is whether the probate court could transfer venue of the lawsuit to the Bexar County probate court.

---

[3] In their brief, Margaret and Jesus argue that the Aguilars did not complain about venue. We disagree. While the Aguilars' brief may not be a model of clarity, the brief provides, "The Supreme Court stated TEX. PROB. CODE ANN. § 5B is a venue statute not a jurisdictional statute. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620 (Tex. 2005). A district court and probate court can both have jurisdiction. The question is where proper venue is. *Ibid*. at 626."

[4] We note that Margaret and Jesus would need to file a motion to transfer venue in the El Paso County District Court to challenge the alleged venue facts. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (noting plaintiff must prove venue is proper in the county of suit if a defendant files a motion to transfer venue objecting to the plaintiff's venue choice).

"Section 34.001 of the Texas Estates Code provides that a judge of a statutory probate court may transfer to itself from a district court 'a cause of action related to a probate proceeding pending in the statutory probate court *or* a cause of action in which a personal representative of an estate pending in the statutory probate court is a party." *In re Estate of Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, at *3 (Tex. App.—San Antonio Feb. 19, 2014, pet. filed) (quoting TEX. ESTATES CODE § 34.001) (mem. op.). "Therefore, transfer is proper where either (1) the cause of action relates to a probate proceeding, or (2) a personal representative of the pending estate is a party to [the] suit." *Id.*

Because Margaret was sued in her individual capacity and the lawsuit alleges only a wrongful death cause of action, the causes of action asserted in the El Paso County lawsuit are not "related to [the] probate proceeding" as that phrase is defined in the Texas Estates Code. *See* TEX. ESTATES CODE ANN. § 31.002 (West 2014).[5] Moreover, Margaret is not a party to the lawsuit in her capacity as independent executrix of Alvilda's estate. Accordingly, the probate court erred in granting the motion to transfer venue.

---

[5] Because the Bexar County probate court is a statutory probate court, the following are included in the definition of "a matter related to a probate proceeding":

      (1)    an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;

      (2)    an action against a surety of a personal representative or former personal representative;

      (3)    a claim brought by a personal representative on behalf of an estate;

      (4)    an action brought against a personal representative in the representative's capacity as personal representative;

      (5)    an action for trial of title to real property that is estate property, including the enforcement of a lien against the property;

      (6)    an action for trial of the right of property that is estate property;

      (7)    the interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court;

      (8)    the interpretation and administration of an inter vivos trust created by a decedent whose will has been admitted to probate by the court;

      (9)    any cause of action in which a personal representative of an estate pending in statutory probate court is a party in the representative's capacity as personal representative.

TEX. ESTATES CODE ANN. § 31.002 (West 2014).

**STANDING**

Margaret and Jesus finally argue that section 71.004(c) of the Texas Civil Practice and Remedies Code authorized only Margaret to file the wrongful death action because it was filed more than three calendar months after Alvilda's death. Section 71.004(c) provides that "[i]f none of the individuals entitled to bring [a wrongful death] action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(c) (West 2008). While section 71.004(c) may provide a basis for filing a motion to dismiss the El Paso County lawsuit, the lawsuit is not converted into a claim by Margaret in her representative capacity because of the Aguilars' questionable standing. Moreover, we note that Margaret, in her capacity as independent executrix of Alvilda's estate, has not filed a wrongful death action against herself in Bexar County.[6]

**CONCLUSION**

The probate court's order granting the motion to transfer venue and the probate court's order dismissing the lawsuit are reversed, and judgment is rendered that the motion to transfer is denied.[7] Nothing in this opinion precludes Margaret and Jesus from filing a motion to dismiss pursuant to TEX. R. CIV. P. 91a in the El Paso County District Court.

Catherine Stone, Chief Justice

---

[6] Although Margaret argues that venue would be proper in Bexar County because Bexar County was the county of her residence at the time the wrongful death cause of action accrued, "[a]s long as the forum is a proper one, it is the plaintiff's privilege to choose the forum." *Gonzalez*, 159 S.W.3d at 622 (internal citations omitted).

[7] The probate court should take all actions necessary to retransfer the cause to the El Paso County District Court.